IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ASHLEY RAMIREZ, <br><br> Plaintiff, <br> v. <br><br><br> CHOICE SCREENING, INC, <br><br> Defendant, | Civil Action Number: 6:23-cv-476 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT**

NOW COMES, Plaintiff ASHLEY RAMIREZ ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and bring this *Complaint* against Defendants CHOICE SCREENING, Inc ("Defendant" or "Choice Screening"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PREMLIMINARY STATEMENT**

1.      This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES AND SERVICE

### Ashley Rameriz

4.  Plaintiff is a resident of Henderson County, Texas.

5.  At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Defendant Choice Screening, Inc.

6.  Defendant Choice Screening, Inc is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

7.  Among other things, Defendant sells background checks to employers for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

8.  Defendant is a Colorado Company and may be served with process through their registered agent Matthew Mitchell located at 8668 Concord Center Dr, Englewood, CO 80112.

## FACTUAL ALLEGATIONS

9.  On or about August 14th, 2023, Defendant Choice Screening issued a consumer background check report pertaining to Plaintiff ("Background Check"), to Tyler Junior College. See **Exhibit A**, a true and correct copy of the Background report distributed by Defendant.

10. Defendant Choice Screening published a consumer background check report that listed three criminal charges, and one active warrant. The criminal convictions were listed as: (1)

Misdemeanor criminal damage of property with an active warrant, (2) Misdemeanor obstruction of identification, with a judgement on bond forfeiture (3) Felony possession of a controlled substance with a pending disposition.

11.     Plaintiff has never been charged with or convicted of any criminal activity, especially not the criminal damage of property, obstruction of identification, or possession of a controlled substance.

12.     Plaintiff does not have any active warrants for her arrest, especially not for misdemeanor criminal damage of property.

13.     Plaintiff has never received a judgment for bond forfeiture, especially for misdemeanor obstruction of identification.

14.     Plaintiff has never had a pending disposition, especially for felony possession of a controlled substance.

15.     Upon receipt of the inaccurate and false background check, the Department Chair for the Surgical Technology Program Plaintiff was enrolled in at the Tyler Junior College denied her admission due to the criminal convictions reported in the Background Check produced by Choice Screening. See **Exhibit B**, a true and correct copy of the Denial Email.

16.     After receiving the Denial email, Plaintiff emailed the department chair at Tyler Junior College to dispute the Background report and asked to get fingerprinted to show that she had never been convicted or charged with any felonies or misdemeanors.

17.     The Department Chair allowed Plaintiff to get fingerprinted and send the results of the fingerprinting so that they may re-examine her background for admission.

18. In August of 2023, Plaintiff faxed a dispute to Defendant's dispute center.

19. After receiving Plaintiffs Dispute, Defendant removed the false convictions from Plaintiffs consumer background check report and sent her an updated and correct background check.

20. Plaintiff forwarded the Department Chair the newly corrected Background Check, as well as the finger printing results.

21. After some time, the Department Chair informed the Plaintiff that she would be allowed enrollment into the Surgical Technology program.

22. Defendant Choice Screening failed to maintain policies and practices to ensure maximum accuracy in the publishing of Plaintiffs consumer report.

23. Defendant has violated the FCRA by publishing a false and inaccurate consumer background report to Tyler Junior College.

24. Due to Defendants behavior, action, and inaction, Plaintiff suffered embarrassment, mental anguish, and frustration. She suffered extreme humiliation as well, from having the department chair of her educational program, as well as other staff members at her college believe that she is a felon. Her reputation has been injured severely, and she continues to suffer from the embarrassment of being briefly denied admission into her program as every day she is surrounded by people who believe that she is a felon and has multiple warrants for her arrest. This has resulted in a decreased enjoyment of life, as well as an inability to sleep.

### FIRST CAUSE OF ACTION
### Willful Violation of 15 U.S.C. §
### 1681e(b) as to Defendant

25. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding

paragraphs as if fully stated herein.

26. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

27. Defendant has willfully failed to comply with the Act. The failure of Defendant to comply with the Act includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete;

   h. The failure to take adequate steps to verify information Defendant had reason to believe was inaccurate before including it in the consumer report of the

consumer.

28. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

29. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

30. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681.

## SECOND CAUSE OF ACTION
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant**

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

32. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

33. Defendant has negligently failed to comply with the Act. The failure of Defendant to comply with the Act include but are not necessarily limited to the following:

   i. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

6

j. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

k. The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

l. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

m. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

n. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

o. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete;

p. The failure to take adequate steps to verify information Defendant had reason to believe was inaccurate before including it in the housing report of the consumer.

34. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety,

fear, frustration, humiliation, and embarrassment.

35.  Defendant negligently violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were negligent, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36.  Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.  Determining that Defendant negligently and/or willfully violated the FCRA;

ii.  Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii.  Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.  Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

DATED: 9/21/2023                               Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

/s/ Shawn Jaffer
**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road Suite 580
Dallas, Texas 75240
T: (214) 494-1871

F: (888) 530-3910
E-mail: Cod@jaffer.law
***Attorneys for Plaintiff***

Case 6:23-cv-00476-JDK     Document 1     Filed 09/22/23     Page 9 of 9 PageID #:  9